1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 DAVID DUNCAN,                                    CASE NO. CV-F-04-5435 WMW HC

12                        Petitioner,
                                                  MEMORANDUM OPINION AND ORDER
13         vs.                                    RE PETITION FOR WRIT OF HABEAS
                                                  CORPUS
14 DERREL ADAMS, et al.,

15                        Respondent.
   _____/

16

17         Petitioner is a state prisoner represented by counsel in a petition for writ of habeas corpus

18 pursuant to 28 U.S.C. Section 2254.  Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented

19 to the jurisdiction of the United States Magistrate Judge.

20                                    **PROCEDURAL HISTORY**

21         Petitioner was convicted by a jury in Kern County Superior Court  of one count of committing

22 a lewd and lascivious act upon a child who was 14 or 15 years old, three counts of sexual penetration

23 of a person under 18 years of age, two counts of oral copulation of a person under 18 years of age, and

24 one count of annoying or molesting a child under 18 years of age.  He was sentenced to two years and

25 eight months in state prison.

26         Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate District

27 ("Court of Appeal").  The Court of Appeal affirmed Petitioner's conviction and sentence in an

28 unpublished opinion filed January 7, 2003.  Petitioner filed a petition for review with the California

1

1    Supreme Court, which the court denied on March 19, 2003.

2        Petitioner filed the present petition on March 16, 2004.  Respondent opposes the petition.

3                              **STANDARD OF REVIEW**

4    JURISDICTION

5        Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to

6    the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the

7    United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct. 1495, 1504

8    fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States

9    Constitution.   In addition, the conviction challenged arises out of the Kern  County Superior Court,

10   which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the

11   court has jurisdiction over the action.

12       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996

13   ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v.

14   Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997);

15   Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769

16   (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh

17   v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after

18   statute's enactment).  The instant petition was filed on March 16, 2004, after the enactment of the

19   AEDPA, thus it is governed by its provisions.

20   STANDARD OF REVIEW

21       This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

22   pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

23   Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

24       The AEDPA altered the standard of review that a federal habeas court must apply with respect

25   to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct.

26   1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless

27   the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable

28   application of, clearly established Federal law, as determined by the Supreme Court of the United

                                                 2

1   States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light

2   of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123

3   S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d

4   1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may

5   not issue the writ simply because that court concludes in its independent judgment that the relevant

6   state-court decision applied clearly established federal law erroneously or incorrectly."  Lockyer, at

7   1174 (citations omitted).  "Rather, that application must be objectively unreasonable."  Id. (citations

8   omitted).

9        While habeas corpus relief is an important instrument to assure that individuals are

10  constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

11  Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction

12  is the primary method for a petitioner to challenge that conviction.  Brecht v. Abrahamson, 507 U.S.

13  619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be

14  presumed correct, and the federal court must accept all factual findings made by the state court unless

15  the petitioner can rebut "the presumption of correctness by clear and convincing evidence."  28 U.S.C.

16  § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S.

17  99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

18       A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

19  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

20  exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity

21  to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111

22  S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo

23  v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

24       A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

25  full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v.

26  Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

27  1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear

28  a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.

1   Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes,

2   504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have

3   specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at

4   365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

5        Where, as here, the California Supreme Court's opinion is summary in nature, this court "looks

6   through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last

7   state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3,

8   111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption

9   that higher court agrees with lower court's reasoning where former affirms latter without discussion);

10  see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last

11  reasoned state court opinion in determining whether state court's rejection of petitioner's claims was

12  contrary to or an unreasonable application of federal law under § 2254(d)(1)).

13                              **FACTUAL BACKGROUND**

14       In its unpublished opinion, the Court of Appeal explained the factual background concerning

15  Petitioner's claim as follows:

16          Dr. Michael Musacco, a clinical psychologist, testified regarding child sexual abuse
            accommodation syndrome.  He described common behaviors child victims engage in that might
17          not be what people expect.  In particular, he stated it is not uncommon for there to be a delay in
            reporting the abuse.
18          .    .    .    .
            Prior to trial, defendant filed a motion to exclude all evidence regarding child sexual
19          abuse accommodation syndrome.  The trial court discussed the motion.  The court requested that
            counsel ask the prospective jurors whether they had any opinions regarding the credibility of
20          teenagers.  The court delayed its ruling until after voir dire.  The trial court noted that there was
            no need for a *Kelly-Frye* [footnote omitted]  hearing because the syndrome was generally
21          recognized according to case law.
            .    .    .    .
22          After the court ruled that the evidence could be admitted, defense counsel requested that
            the trial court preinstruct the jury on the syndrome evidence with an instruction he had drafted.
23          The trial court agreed to instruct the jury before the testimony of Dr. Musacco and again during
            the general instructions to the jury.
24          .    .    .    .

25  Unpublished Opinion in Case No. F038280, 5 - 7.

26  //

27  //

28  //

                                             4

**DISCUSSION**

ADMISSION OF CHILD SEXUAL ABUSE ACCOMMODATION SYNDROM EVIDENCE

Petitioner contends that the admission of the child sexual abuse accommodation syndrome ("CSAAS") evidence violated his right to due process. Petitioner makes two interrelated claims. First, that the admission of the evidence invaded the province of the jury, and second, that the probative value of the evidence was outweighed by its prejudice to the defense.

After reviewing Petitioner's arguments, this court findings that Petitioner has failed to carry his burden of showing that the state courts' adjudication of Petitioner's claims regarding CSAAS "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). In his petition, Petitioner cites a wide variety of cases, from various state and federal jurisdictions. Petitioner does not, however, provide a citation to controlling federal authority that meets the above standard.

While it is not the Respondent's duty to do so, Respondent in this case has provided citations to two Ninth Circuit cases which demonstrate that the trial court's decision to admit the evidence was in compliance with Federal law. In United States v. Bighead, 128 F.3d 1329, 1330-1331 (9th Cir. 1997), the Ninth Circuit held that an expert's rebuttal testimony about typical characteristics of child sexual abuse victims was admissible. The court stated:

> Bighead also argues that Boychuk's testimony did not assist the trier of fact, and was more prejudicial than probative, because it infringed on the jury's province to determine credibility. We see no improper buttressing, as Boychuk testified only about "a class of victims generally," and not the particular testimony of the child victim in this case. Hadley, 918 F.2d at 852; see also United States v. Antone, 981 F.2d 1059, 1062 (9th Cir.1992). By the same token, Boychuk's testimony had significant probative value in that it rehabilitated (without vouching for) the victim's credibility after she was cross-examined about the reasons she delayed reporting and about the inconsistencies in her testimony. The district court did not abuse its discretion in permitting the expert to testify, even though two other witnesses testified about actual disclosures as early as 1984 and 1990, since Boychuk's testimony went to disclosure for the purpose of assistance. Regardless, the jury was free to determine whether the victim delayed disclosure or simply fabricated the incidents.

Id. at 1330 -31. Petitioner claims in his traverse that Bighead was decided on grounds unrelated to the constitutional issues raised in the present case. The court disagrees, as the basis of Petitioner's due

1    process claim is the very claim addressed by the Ninth Circuit, i.e., that the evidence was more

2    prejudicial than probative, because it invaded the province of the jury.

3          In <u>United States v. Antone</u>, 981 F.2d 1059, 1062 (9th Cir. 1992), the Ninth Circuit rejected  the

4    argument that the district court erred in allowing the Government to introduce the testimony of a child

5    psychiatrist who testified to general behavioral characteristics exhibited by victims of child sexual

6    abuse.   The court held:

7          Antone's argument is strikingly similar to the argument advanced by the appellant in
8    <u>Hadley</u>, an elementary school teacher convicted of sexually abusing a student at the Bureau of
     Indian Affairs school where he taught. See <u>Hadley</u>, 918 F.2d at 850. Like Antone, Hadley
9    appealed his conviction on the ground that the same Dr. Rosenzweig's expert testimony should
     have been excluded because it improperly bolstered the testimony of the minor victims of sexual
10   abuse. <u>Id</u>. at 852. Also like Antone, Hadley looked for support to this court's decision in <u>Binder</u>.
     <u>Id.</u>
11         In <u>Binder</u>, this court assigned error to the district court's decision to admit expert
     testimony concerning the credibility of the abused children. 769 F.2d at 602. Of critical
12   importance to the decision was the fact that [t]he testimony of the experts ··· was not limited to
     references to psychological literature or experience or to a discussion of a class of victims
13   generally. Rather the experts testified that these particular children in this particular case could
     be believed. The jury in effect was impermissibly being asked to accept an expert's
14   determination that these particular witnesses were truthful. Id.
           No such finding can be made in this case. As he did in <u>Hadley</u>, Dr. Rosenzweig "testified
15   about general behavior characteristics that may be exhibited in children who have been sexually
     abused, and the testimony was therefore limited 'to a discussion of a class of victims generally.'
16   " <u>Hadley</u>, 918 F.2d at 852 (quoting Binder, 769 F.2d at 602). As in <u>Hadley</u>, this general
     testimony merely assisted the trier of fact in understanding the evidence; it did not improperly
17   bolster the particular testimony of the child victim in this case. <u>See id</u>. at 852-83.

18   <u>Antone</u>, 981 F.2d at 1062.  Although Petitioner argues to the contrary, this holding is applicable to the

19   present case on the point that testimony about general behavioral characteristics does not bolster the

20   particular testimony of a child victim, a claim made by Petitioner.

21         Based on the foregoing, the court concludes that Petitioner's contention provides no basis for

22   habeas corpus relief.  Accordingly, IT IS HEREBY ORDERED that the petition for writ of habeas

23   corpus is DENIED.  The Clerk of the Court is DIRECTED to enter judgment for Respondent and to

24   close this case.

25

26

27

28

6

1       IT IS SO ORDERED.

2    **Dated:**    **August 24, 2006**           **/s/  William M. Wunderlich**
     mmkd34                         UNITED STATES MAGISTRATE JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28